UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| CAZMIERE GRAVES,  Petitioner,  v.  FEDERAL BUREAU OF PRISONS,  Respondent. | No. 7: 23-CV-016-REW  MEMORANDUM OPINION AND ORDER |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Cazmiere Graves is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Graves filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction. DE 1. For the reasons stated below, the Court dismisses Graves's § 2241 petition for lack of subject-matter jurisdiction.

As an initial matter, Graves has not paid the $5.00 filing fee as required by 28 U.S.C. § 1914. Rather than filing a formal motion to proceed *in forma pauperis*, Graves originally submitted information regarding his inmate trust fund account with his § 2241 petition. *See* DE 4. However, because this information indicated that he has sufficient funds to pay the $5.00 filing fee, on April 28, 2023, the Court entered an Order directing Graves to pay the $5.00 filing fee within 30 days from the date of the Order and warning him that his petition would be denied without prejudice should he fail to do so. DE 6.

On May 26, 2023, Graves filed a letter stating that he knew he had a deadline but that the prison was on lockdown. DE 7. However, he further indicated that "[t]he check should be with this

1

letter or not too far behind it." *Id.*[1] It has now been over a month since Graves filed this letter with the Court; no payment has been received.

Even so, the Court will proceed with conducting the initial screening of Graves's § 2241 petition, as required by 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In April 2019, Graves was convicted by a jury in the United States District Court for the Eastern District of Iowa of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). *See Graves v. United States*, 3:18-CR-31-SMR-SBJ (S.D. Iowa 2019). In August 2019, Graves was sentenced to a term of imprisonment of 105 months, to be served consecutively to a state sentence. *See Graves*, 3:18-CR-31 at DE 87 (Amended Judgment). Graves did not appeal. In March 2021, Graves filed a motion to vacate, set aside, or correct sentence on ineffective assistance of counsel grounds. *See Graves v. United States*, 4:21-cv-079-JAJ (S.D. Iowa 2021). However, Graves's § 2255 motion was denied as untimely, as it was filed after the expiration of the one-year limitations period provided by 28 U.S.C. § 2255(f). *See Graves*, 4:21-cv-079 at DE 3.

Graves has now filed a petition for a writ of habeas corpus, in this Court, pursuant to 28 U.S.C. § 2241. DE 1. In the petition, Graves argues 1) that his counsel in his criminal case was ineffective because he failed to object to statements on Graves's behalf and 2) that there was

---

[1] For administrative purposes, the Clerk of the Court docketed DE 7, Graves's letter, as a motion for extension of time. Because the Court finds that it does not have subject-matter jurisdiction over Graves's § 2241 petition, his "motion for extension" will be denied as moot.

insufficient evidence with which to convict him (Graves). *See id*. at 5. Graves claims that the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to pursue his claims for relief because the § 2255 statute of limitations has expired. *See* DE 1 at 3. Thus, he seeks to pursue his claims in a § 2241 petition filed pursuant to the "saving clause" of § 2255(e).

However, the Court must dismiss Graves's § 2241 petition for lack of subject-matter jurisdiction. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," § 2441's applicability is severely restricted by 28 U.S.C. § 2255. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Section 2255(e) "bars a federal prisoner from proceeding under § 2241 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones v. Hendrix*, No. 21-857, 2023 WL 4110233, at *3 (June 22, 2023) (quoting 28 U.S.C. § 2255(e)).[2]

A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion, or because he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Thus, the expiration of the one-year limitations period provided by § 2255(f) does not render the remedy provided by § 2255 "inadequate or ineffective." Moreover, constitutional claims, such as Graves's Sixth Amendment ineffective assistance of counsel or insufficiency

---

[2] Prior to the Supreme Court's decision in *Jones*, several federal Circuit Courts (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the saving clause of § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor*, 990 F.3d at 499 (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted). However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." *Jones*, 2023 WL 4110233, at *7. *Jones* makes the conclusion reached here even more certain and clear.

claims, are claims of ordinary trial error that could be, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. *See Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (finding that *Strickland* claim that counsel was ineffective may not be pursued under § 2241).

The saving clause is a jurisdictional test that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *See Taylor*, 990 F.3d at 499–500. Because Graves is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *See id*.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1, Graves's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, for lack of subject-matter jurisdiction;

2. The Court **DENIES** DE 7, Graves's letter, docketed for administrative purposes as a motion for extension of time, as moot;

3. The Court **DISMISSES** and **DIRECTS** the Clerk to strike this action from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This the 6th day of July, 2023.

Signed By:
Robert E. Wier
United States District Judge